[No. 5144. Decided March 7 1905.]

DORA MARSH DRASDO, *Respondent,* v. L. BECK, *Appellant.*[1]

CONTEMPT—TO ENFORCE CONTRACT RIGHTS—ORDER IN PROBATE FOR DELIVERY OF EXEMPT PROPERTY—WAREHOUSEMAN'S RECEIPT. Where in probate proceedings certain personal property, stored with a warehouseman by the deceased, was set aside as exempt to the widow, and order was made for its delivery to her, pursuant to which the warehouseman accepted from her the storage charges and issued her a warehouse receipt, she not wishing to remove the goods at that time, a subsequent delivery cannot be enforced by contempt proceedings for disobeying the order in probate, since the transaction was a constructive delivery and an independent contract enforcible in a proper action, and in no way connected with the order.

Appeal from an order of the superior court for King county, Bell, J., entered November 7, 1903, adjudging the defendant guilty of contempt of court, upon the hearing of an order to show cause. Reversed.

*Willett & Willett,* for appellant.

*C. H. Farrell,* for respondent.

[1]Reported in 79 Pac. 948.

PER CURIAM.—L. Beck and J. Holden were the proprietors of the Queen City Carpet Cleaning, Storage & Repairing Company, a firm doing business in the city of Seattle. Paul Drasdo stored with said firm certain personal property belonging to him, and the same was in their possession at the time Drasdo died. After the death of Drasdo, the executors of his estate, the administrator of the estate of the community of which deceased was a member, and, also, the widow of the deceased, each demanded of said firm the delivery of said personal property. By reason of the several demands, a suit by way of interpleader was brought in said court by said firm, in which the various claimants were made parties. Pending such interpleader proceedings, and before the same had been heard, the court, in the probate proceedings, on the petition of the widow, made an order declaring said property as exempt to the widow, and setting it apart to her. It was also ordered that said Beck and Holden should deliver said property to the widow. Beck and Holden were not parties to the proceeding, and were in no way heard upon the matter prior to the making of such order. Upon being informed of the order, however, and upon demand of the widow, said Beck accepted from her payment for accrued storage charges, and issued to her a warehouse receipt for the goods, she not then wishing to remove them from the warehouse. Later the widow sought to remove the goods from the warehouse, and served upon Beck a certified copy of the aforesaid order, but her demand was refused. Thereupon the court issued, in the probate proceedings, an order directed to said Beck, requiring him to show cause why he should not be punished for contempt for not permitting the widow to remove the goods. He was adjudged to be in contempt, and has appealed from the judgment.

A number of questions are discussed in the briefs. We

think it unnecessary to discuss the question that Beck was
not bound by the order, on the theory that he was in no
way before the court at the time it was made. Whether
he was under any obligation, by reason of the order, to
recognize Mrs. Drasdo's right to possession, becomes
immaterial, since he in fact did so recognize it. He ac-
cepted from her the payment of storage dues and issued
to her in her name a warehouse receipt. This constituted
a constructive delivery to her, and formed the basis for a
legal demand upon her part in a proper action. The ac-
ceptance of the storage dues, and the issuance of the ware-
house receipt, amounted to a contract upon which Mrs.
Drasdo could sue for possession and damages. But she
was not entitled to invoke the aid of the court by way of
contempt proceedings to enforce that contract. The con-
tract was an individual affair between the two, and the
court was in no way connected with it. We think the
court erred in adjudging appellant guilty of contempt.

The judgment is reversed, and the cause remanded, with
instructions to dismiss the contempt proceedings and dis-
charge the appellant.